Argued January 18, reversed and remanded
for new trial March 19, 1979

STATE OF OREGON, *Respondent,*

*v.*

FREDDIE CLAYBORN McGAUGHY, *Appellant.*

(No. C 78-02-02029, CA 11326)

591 P2d 1194

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

## TANZER, J.

Defendant was convicted of sodomy in the first degree, ORS 163.405. The victim was a nine-year-old girl whom defendant's daughter was babysitting at the time of the alleged crime. The daughter, appearing as a witness for the state, was not asked about her observations. Rather, she was asked whether she reported to the girl's mother that defendant had abused the girl. Defense counsel's hearsay objection was overruled and the daughter testified that she had reported to the girl's mother that defendant had "tingled" the victim between her legs.

The state admits that the evidence was hearsay because it was an out-of-court statement offered to prove the truth of the matter asserted, fits no exception to the rule and carries no indicia of reliability, *State v. Derryberry,* 270 Or 482, 528 P2d 1034 (1974), but contends that it was nonprejudicial. The evidence was not overwhelming. The nine-year-old victim was the only direct witness to the alleged crime. The daughter volunteered a denial that she had seen the crime, over objection, and she was impeached by prior inconsistent statements that she had seen the crime. We do not weigh impeachment evidence in determining whether the substantive evidence was strong enough to negate prejudice. In sum, hearsay was erroneously admitted over a proper objection and the error was prejudicial.[1]

Reversed and remanded for new trial.

---

[1] Defendant also contends that his sentence was unlawful. Our disposition of the first assignment of error renders the sentencing issue moot.